UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                    Criminal No. 4:09-cr-074-GHD-DAS-2;

Civil No. 4:15-cv-137-GHD

GREGORY HOST

---

ORDER DENYING DEFENDANT GREGORY HOST'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

Defendant Gregory Host has moved this Court to vacate, set aside, or correct his sentence [Doc. No. 83] pursuant to 28 U.S.C. § 2255. Having considered the matter, the court finds the motion should be denied.

On August 26, 2011, Host pleaded guilty to aiding and abetting the distribution of cocaine under 18 U.S.C. § 846(a) and (b)(1)(A). After finding that he was a career offender under U.S.S.G. §§ 4B1.1. and 4B1.2, Host was sentenced to 204 months' imprisonment.

In this motion, Host argues that under the United States Supreme Court's holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d (2015p), his two prior convictions for manslaughter and aggravated assault no longer constitute crimes of violence under U.S.S.G. § 4B1.2, and therefore he is not a career offender under § 4B1.1. Therefore, he argues, his sentence should be vacated and he should be resentenced without the career offender sentencing enhancement.

U.S.S.G. § 4B1.1 establishes a greater offense level for "career offenders" who, among other criteria, have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." At the time of Host's conviction § 4B1.2 defined "crime of violence" as :

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

**(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or

**(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another..

U.S.S.G. § 4B1.2(a)(2010).

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act, which defined "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)(2012), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Host argues that under *Johnson*, U.S.S.G § 4B1.2(a)(2) which uses identical language to define "crime of violence" is also unconstitutionally vague.

However in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 197 L.Ed.2d 145 (2017), the Supreme Court, considering whether § 4B1.2's residual clause was impermissibly vague, held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 895. Accordingly, "the residual clause in § 4B1.2(a)(2) is not void for vagueness." *Id.*

Because § 4B1.2's residual clause is constitutionally permissible, there was no error in finding that his prior offenses constituted crimes of violence under § 4B1.2, and therefore, he was appropriately considered a career offender under § 4B1.1.

Accordingly, the Court finds that Hosts's claims are without merit. The Court **ORDERS** that Host's motion to vacate, set aside, or correct his sentence [Doc. No. 83] is **DENIED,** and civil

case no. 4:15-cv-137 is **CLOSED**.

**SO ORDERED**, this, the 29th day of January, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE